date of the court.   Matter of Croker v. Sturgis, 38 Misc. Rep. 596.

The relator urges that he will be left without a remedy in case the order appealed from is affirmed, having been deprived in the meantime of his lawful right to a liquor tax certificate.   There would seem to be an obvious hardship imposed upon the relator by this situation, but no security can be compelled by the court as a condition of putting into effect the absolute stay which section 1313 provides for.

The motion to punish for contempt is denied.

Motion denied.

---

Matter of the Application for an Order Directing FRANK BOGASKIE to Deliver Over All of the Books, Papers and Property in His Possession or Under His Control Belonging to the City Clerk of the City of Johnstown, New York, or in Any Way Appertaining to the Office of Such City Clerk, to TRACY C. SMITH, City Clerk of the City of Johnstown, New York.[*]

(Supreme Court, Fulton Special Term, June, 1908.)

Officers — Possession of office — Recovery of books and papers — Delivery not ordered in case of reasonable doubt.

An order requiring the delivery of books and papers to a municipal officer pursuant to section 2471a of the Code of Civil Procedure should only be made where the claimant has a clear *prima facie* title to the office free from reasonable doubt; and, where the statute requires as evidence of such title a certificate of the presiding officer at a meeting of the common council and board of water commissioners of a city and, upon the affidavits presented, it is not clear and free from reasonable doubt that the person signing the certificate was in fact the presiding officer at the meeting at which the claimant claims to have been elected, no order should be granted.

APPLICATION for an order directing the delivery of books and papers in pursuance of the provisions of section 2471a of the Code of Civil Procedure.

---

* See Matter of Bogaskie, 58 Misc. Rep. 243.

Supreme Court, June, 1908. [Vol. 59.

De Witt C. Moore, for petitioner.

Fred Linus Carroll, for respondent.

VAN KIRK, J.   This matter has been before me upon a former application, at which time the order asked for was refused because the applicant had not furnished the certificate of appointment required by paragraph 17 of the charter of the city of Johnstown, requiring that all appointments made by the common council and board of water commissioners, acting jointly, shall be evidenced by a certificate in writing signed by the officer presiding and attested by the city clerk.

There has now been presented to the court a certificate, signed by Cornelius A. King, presiding officer of the common council and board of water commissioners of the city of Johnstown, N. Y., in joint session, and attested as to the genuineness of the signature of Cornelius A. King, March 17, 1908, by Frank Bogaskie, city clerk of the city of Johnstown, N. Y.

It has been held that this statute, section 2471a of the Code, cannot be put in operation except where the claimant has a clear, *prima facie* title to the office, free from reasonable doubt.   This is the uniform holding of the courts.   Upon the affidavits presented by the parties, it is not clear and free from reasonable doubt that Mr. King was the presiding officer at the meeting at which Mr. Smith claims to have been elected city clerk.   It is not shown that Mr. King or any other person was chosen to preside.   There is a very decided conflict between the affidavits of the two parties as to what did occur at that meeting, as to who was the presiding officer and who was chosen secretary, as to whether or not the meeting was ever organized after some members of the common council and board of water commissioners withdrew; and, consequently, it does not appear clearly and beyond a reasonable doubt that Mr. King was entitled to make the required certificate.

The proper, required certificate is essential; and it is essential that the certificate be made by the proper officer,

one having legal authority to issue it. Matter of Brenner, 67 App. Div. 375.

This not being the proper proceeding in which to try disputed questions of fact to determine Mr. Smith's title to the office of city clerk, the application should be denied.

An order may be prepared accordingly.

Ordered accordingly.